### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| JOHN OSCAR DUNN, II, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 5:24-cv-473-MTT-AGH |
| | : |
| BRIAN KEMP, *et al.*, | : |
| | : |
| Defendants. | : |

### ORDER

*Pro se* Plaintiff John Oscar Dunn, II, a prisoner who is currently incarcerated in the Coffee Correctional Facility in Nicholls, Georgia, has filed a Complaint and an Amended Complaint on the Court's standard forms seeking relief pursuant to 42 U.S.C. § 1983 (ECF Nos. 1, 11). He also filed a separate pleading that was docketed as an amended complaint, but he captioned this pleading as a petition for writ of mandamus (ECF No. 13). In addition, Plaintiff filed several additional motions seeking various forms of relief (ECF Nos. 4, 5, 6, 7, 8, 9, 10, 14), and he seeks leave to proceed *in forma pauperis* ("IFP") (ECF Nos. 2, 12). For the following reasons, Plaintiff's motions to proceed IFP are **GRANTED** for purposes of this dismissal only, and this action is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915A and § 1915(e). Plaintiff's remaining pending motions are **DENIED as moot**. To the extent Plaintiff's petition for mandamus (ECF No. 13) seeks any substantive relief, it is also **DENIED as moot**.

## PRELIMINARY SCREENING

I. <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. <u>Factual Allegations and Plaintiff's Claims</u>

In the Amended Complaint, which is the operative pleading in this action, Plaintiff contends:[1]

---

[1] Plaintiff filed both a Complaint (ECF No. 1) and an Amended Complaint (ECF No. 11) in this action. An amended complaint generally supersedes, or takes the place of, the original complaint, unless the

> The Government is using electromagnetic and ps[y]chotronic weapons, E.M.F. brain stimulation, radiation, biochips, framework, software, computer systems, virtual reality "phantom["] that employs force feedback, narus [sic] systems, microwave wall bug sensors, international space station witch [sic] is use[d] for the recycling of human life support and reduc[]ing the gravity of humans plants, crystals, cells, and pathogens, using satellites to project the en[t]ities that entered my vessel.

ECF No. 11 at 5. Plaintiff further alleges that his "vision as well as hearing is being manipulated by frequency" and he is "being pinned down causing pain to [his] int[e]rnal organs causing P.T.S.D., schiz[]ophrenia after threats from being hooked to the airwaves for electronic harassment, as well as continuous headach[e]s." *Id.* Plaintiff also states he was "implanted with biochips in 2022 at Roger State Prison." *Id.*

Plaintiff's other filings contain similarly fantastical or delusional allegations. Among other things, Plaintiff's petition for mandamus asserts that his sentencing was "an illegal act as it stops each different court from gaining new boat payment as well as court cost, new boat payment being for any plea agreement or contract due to ruling/orders from said court." ECF No. 13 at 1. Plaintiff also reiterates his claims that he "was injected with microscopic needles in both hips and a presentation device was placed in [his] tongue" at Rogers State Prison so that the government "could run virtual reality/cave to steal [his] intelligence from the computers/iphones around the prison" and "sell it to investors." *Id.* at 2. In his motion to add Defendants, he names a host of other individuals who were allegedly involved "in gaining payments off [his] stolen intelligence." ECF No. 14 at 1;

---

amended complaint specifically refers to or adopts the original complaint. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam). The Complaint and the Amended Complaint are nearly identical in this case. As noted above, Plaintiff also filed a pleading that was docketed as another amended complaint (ECF No. 13), but he captioned that document as a petition for mandamus.

*see also* ECF No. 6 at 1 (requesting "a full felony pardon due to the fact that I have a government issued chip in the body"); ECF No. 10 at 1 (requesting "a full pardon to include all rights" because Plaintiff "was injected in [his] heel with a chip that past through [his] soft bone to the marrow" and allows the government to control him).  Plaintiff contends these actions violated his constitutional rights, and as a result he seeks "just compensation, full rights restored, [and his] freedom."  ECF No. 11 at 6.

As noted above, federal law requires the Court to dismiss a claim filed by a prisoner proceeding *in forma pauperis* if the claim is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i); 28 U.S.C. § 1915A(b)(1).  A claim is considered "frivolous" if it "involve[s] factual contentions that are fanciful, fantastic, irrational, and/or delusional."  *Porter v. Governor*, 667 F. App'x 766, 767 (11th Cir. 2016) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).  Plaintiff's claims that Defendants are manipulating his body with some sort of biomechanical chip are plainly "irrational and wholly incredible."  *Gary v. U.S. Gov't*, 540 F. App'x 916, 917-18 (11th Cir. 2013) (per curiam) (affirming dismissal as frivolous claims that high-ranking government officials implanted microchips into plaintiff's body); *Johnson v. D.E.A.*, 137 F. App'x 680, 680-81 (5th Cir. 2005) (per curiam) (affirming district court's determination that prisoner was not entitled to proceed IFP on appeal regarding claims that DEA officials implanted transmitter in his scalp because "such allegations were factually frivolous"); *LaVeau v. Snyder*, 84 F. App'x 654, 656 (7th Cir. 2003) (holding that prisoner's "allegations of a surveillance device that can read minds and manipulate thoughts are fantastic and delusional, and accordingly [the prisoner's] complaint was properly dismissed without an evidentiary

hearing").[2]  They should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to proceed IFP (ECF Nos. 2, 12) are **GRANTED** for purposes of this dismissal only, and this action is **DISMISSED without prejudice** as frivolous pursuant to 28 U.S.C. § 1915A and § 1915(e).  Plaintiff's remaining pending motions (ECF Nos. 4, 5, 6, 7, 8, 9, 10, 14) are **DENIED as moot.**  To the extent Plaintiff's petition for mandamus (ECF No. 13) seeks any substantive relief, it is also **DENIED as moot.**  The Court notes, however, that Plaintiff presently has a federal habeas corpus case pending in this Court, *Dunn v. Georgia Department of Corrections*, Case Number 4:24-cv-00187-CDL-AGH (M.D. Ga. Dec. 17, 2024).  If Plaintiff wishes to challenge his underlying state criminal conviction in federal court—as suggested in at least some of the pleadings he has filed in this case, including his motions for a pardon or to set aside his sentence—he should seek relief in that proceeding.

**SO ORDERED** this 8th day of May, 2025.

                S/ Marc T. Treadwell
                MARC T. TREADWELL, JUDGE
                UNITED STATES DISTRICT COURT

---

[2] Plaintiff mentions that he is suffering from various physical symptoms to include "continuous headach[e]s."  ECF No. 11 at 6.  Prison officials who are deliberately indifferent to an inmate's serious medical needs may violate the Eighth Amendment to the United States Constitution.  *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  This order should not be construed as an opinion as to whether any prison officials have been deliberately indifferent to any of Plaintiff's medical needs.  If Plaintiff wishes to file a separate claim concerning any alleged failure to provide him with adequate medical treatment for his headaches or any other conditions, he may do so.